Case number 21-5011 Sheet Metal Workers Health and Welfare Fund of North Carolina v. The Law Office of Michael A Demayo. Oral argument not to exceed 15 minutes per side. The appellant will have 10 minutes total and the amicus filer will have five minutes. Mr. Wall, you may proceed for the appellant. Good morning. May it please the court. The fund, my client, brought this lawsuit under section 502A3 of RISA for appropriate equitable relief to enforce the reimbursement provision of the plan document. The fund paid medical expenses on behalf of Courtney Simpson when she was injured in an auto accident and that gave the fund equitable lien on any recovery that she might obtain related to the auto accident. The fund notified the personal injury law firm, the Law Office of Michael A Demayo, of the RISA lien. The firm also knew the amount of the lien and we can tell that from a settlement memorandum that the law firm prepared for Ms. Simpson, which is in the record at page ID 77, which clearly identifies the RISA lien in the account. Despite knowing about the lien, the law firm decided on its own to cut the fund's reimbursement by about 45% and then to divide up the rest of the settlement money among the other parties. It put about $10,000 of the settlement money into its operating account as compensation for the firm, which was commingled with other funds belonging to the law firm. The district court committed a reversible error in granting similar judgment to the law firm. It held that the law firm dissipated the settlement money in the operating account because the total volume of transactions in the cash flow in and out of the account was so large that it must have swept out the settlement money that was sitting in that account. Do you want to supply the slowest intermediate balance test to say that so long as there is $7,000 change or whatever in the account, you're entitled to the full amount? That's right. That is the test that a court of equity would use in such a situation. So when did you first ask the district court to apply that test? The first time anybody brought the test to the district court's attention was... Was there a mirror of anybody? Is your responsibility was that you wanted that approach? I would view it as your responsibility to do that. Well, actually, we think that in this situation, the law firm had the burden of raising that issue with the district court and improving up that by confirmative defense because in that way, the defendant has co-mingled trust assets with personal assets in many cases, including several court cases from the same circuit. I've said that the burden shifts to show basically... Well, we'll get to that issue, but suppose it's not your burden. When did you first raise it with the district court? It was first raised in a reply brief in support of the fund's summary judgment motion. We responded to the argument as we understood it made by the law firm in our response to their summary judgment brief. They initially argued in their opening summary judgment brief just that they had co-mingled with some of the money and dissipated it, and we thought an adequate answer to that argument was saying, wait a second, you're forgetting about this agreed order that required you to maintain enough money. This was in your reply brief to your own motion for summary judgment? That was the first time that the intermediate balance... So why was it raised in your opening motion? I mean, this seems like the main issue in front of us today. Why would you be required to raise that in your motion for summary judgment to say, we have a lien, here's how the money should be assessed, and this test is satisfied, so we're entitled to the full amount? From the arguments and litigation at that point, I think the fund thought the dispute was basically whether the law firm still had the money in its possession to identify the fund for the fund to get a recovery out of, meaning it would be an equitable lien. And so we pointed to the agreed order, which said, unless they were violating the agreed order, that they did have enough money at the time of summary judgment to satisfy that lien. Once we got further into the summary judgment briefing, I think the fund realized the law firm was arguing something else, too. It was arguing that, well, hey, they may have had enough money at the time of summary judgment, but possibly they dissipated it before the entry of that order, so something may have happened before March 20, 2019, when that agreed order was entered. So when the fund understood that that was the position of the law firm, then we ended up applying it. Yes, we brought up the lowest intermediate balance test to the district court. You didn't raise it in here. So the district court did not apply the test that you wanted them to apply, the lowest intermediate balance test. Then you filed a motion for reconsideration, and you, again, didn't ask the district court to apply the lowest intermediate balance test, right? So why not? Well, based on the court's decision, we felt that the change in the law that motivated the motion for reconsideration was the Zerbo decision from the Second Circuit, which was not specifically about the lowest intermediate balance test. It was about commingling and whether the commingling is enough to destroy an equitable lien. So because that was a specific development in the law after the district court's decision, that was offended by the district court's attention in the motion for reconsideration. So we didn't want to go back and recast the issues that had already been briefed. That's not usually what you're supposed to do in a motion for reconsideration. But something had changed in the law after that, and we wanted to bring that to the district court's attention. But basically, the way you approached all of this, you never brought it up at a time in the summary judgment proceedings where the other side would have an opportunity to counter it. Go ahead, sir. Well, it was in the reply brief, so the briefing's closed. That's true. But, and the court will decide about the burden on that issue. From our point of view, under all these Sixth Circuit cases we've cited and others, if the law firm, as the defendant, wanted to argue that it dissipated money out of a commingled account, and the law firm itself was saying that it commingled the settlement money with a lien on it with the law firm's personal assets. We believe the law says pretty clearly that the burden shifts to the defendant in order to sort that out. These are Confusion of Goods document cases. That's right. So have you cited any cases in the last, like, 70 years, 30 years, that apply to this document? No, I think there's some talk about it, but it's not unusual in an ERISA case and the 502A3 to be citable cases, because the Supreme Court's rules... It just seems to me that that rule applies when there's, things are not fungible. So money's pretty fungible, right? So I'm not sure why it matters. If you're holding $10,000, I don't care what specific bills you have, which, you know, as opposed to something that's more, less fungible, like Clark's theory of the idea of gold coins. If there's specific coins you keep that are yours versus coins that were given to the holder by someone else, you want those specific coins. But in this context, I don't know why that same rationale applies if the money's pretty fungible. I mean, actually, dollars themselves. The fungibility of money is why there is the lowest intermediate balance test, because there has to be some sort of legal mechanism for figuring out this issue. But the reasons why this Court has given for putting the burden on the defendant in this situation of commingling are twofold, and those are in the Smith v. Malton case, and I think the Boston case would be second. But basically, they are these. First, the trustee, or in this case, the constructive trustee, and I seem like time has elapsed, but I'll answer the question just really quickly. First, the trustee is not supposed to be commingling with money. And so if the trustee, constructive trustee, is doing that, then it's appropriate to put the burden on the party that did something it wasn't supposed to do to sort that mess out. The second reason is that it's easier, relatively, for the defendant that commingled with money to produce the information to clear up, you know, whether certain funds belong to the trust beneficiary versus the defendant. Suppose you thought it was your burden. Is there evidence in the record that would establish that the balance item number went below 7,500 or the number is lower below zero? Yes, there's not conclusive evidence, but there is evidence. And so regardless of... If it's not conclusive evidence, is it best case scenario for you to remand the district court? Well, certainly we think at a minimum it should be remanded for the district court to apply the correct tests. I don't think there's any dispute on appeal that this lowest intermediate balance test is the correct standard. And so our judgment was not decided on that standard. But to answer your question, Judge Rayburn, yes, there is some evidence. If you look at when the commingling happened, which was December 7, 2018, $10,000 of settlement money was put into the operating account. But that was part of about $90,000 in deposits put in the operating account that day. That's a pretty healthy balance in the account to start off with. And Mr. Mayer said in his declaration that those settlement monies were commingled immediately with other funds in the operating account. So that means it didn't have a negative balance at that time. It had a positive balance. Three months later, the law firm introduces the entry of that order that requires it to maintain enough money in the operating account to fully satisfy the lien. I think the only reasonable influence from that is that the law firm knew that it already had enough money in the operating account to satisfy the lien. Otherwise, there would be a contempt as soon as the order was entered. So we kind of have bookends in this three-month period, which is relatively short. You have a positive balance at the beginning, a positive balance at the end, and then once the order was entered, then that was required to maintain enough money in the operating account. So when you put all that together, I think certainly there's a reasonable inference. And we are a summary of judgment. There's a reasonable inference in favor of the fund that the balance in this critical account never dipped to zero, which it would have to do to extinguish the lien. All right. We thank you for your argument. And we will hear – oh, we will hear from the Department of Labor. May it please the Court, William Byron for the Secretary of Labor's Inquis. The district court applied the wrong test for determining dissipation in a commingled fund. When a specifically identified fund is commingled with other funds, the appropriate test for determining dissipation is the lowest intermediate balance rule. And the district court committed reversible error by failing to apply that test. Does any circuit court help with that? No circuit court has addressed the lowest intermediate balance rule in the context of ERISA where it's been a decisive issue. But it is a longstanding rule of equity that the Supreme Court twice recognized in the case of the divided bench. And ERISA, of course, is based on trust law, and so we often look to the case of the divided bench to interpret ERISA's remedial provision. So equitable liens by agreement are enforceable only against specifically identified funds. But commingling specifically identified funds with other funds does not extinguish an equitable lien, as this Court held in Zirkle and as the law of trust provides. The district court stated that its decision was based on dissipation, not commingling. But the two concepts are related. When funds are commingled, there's a specific test to determine dissipation, and that's the lowest intermediate balance rule. Under the lowest intermediate balance rule, equity presumes that the trustee withdraws non-trust funds first, maintaining as much of the trust's funds as possible. So if the balance of the commingled account remains above the balance of the specifically identified fund, then the lien is fully enforceable. Is that something you measure every day? Is it a 24-hour analysis, or how often do you measure that lowest point? Well, to apply the test specifically, you would need to know if the balance ever dipped below the amount of the lien or if it ever went to zero, which would be the only way that the lien could be completely dissipated. But as Mr. Wahl pointed out, there is circumstantial evidence from which people could— I mean, it just seems almost like an impossible inquiry because you have to know every exact moment what the balance is. In other words, I know your bank statements usually at the end of the day, they take all your debits or credits and the bottom line, but you're saying at 5 p.m. it goes to zero and then 5 to 5 goes back to 10,000 at that point zero, so it's dissipated. I just don't know what the measurement point is, and I don't think it's really fair to say, well, this month it was here and three months later it was here, so of course we must assume that during that intermediate time it was always above 7,500. But I was just wondering what you thought the measurement point is. Is it daily or weekly or…? Well, again, to apply the test with granular specificity, you would need to know the account balance at all times, but there is circumstantial evidence from which a court could infer that the operating account in this case happened on zero balance. But the main equity principle behind the lowest intermediate balance rule is that the equity is presuming that the non-trust funds are withdrawn first, so that as much of the trust balance is maintained as possible. And this is to prevent wrongdoers from obtaining a windfall at the expense of plan participants who rely on these sources of equitable means to recover monies that their plan is entitled to. So in this case, the district court found that the specifically identified funds were dissipated at the time of the entry of the TRO based on the firm's assertion that there were thousands of deposits and withdrawals going in and out of the account during the relevant period. But this reflects an incorrect understanding of dissipation because the money flowing in and out of the account doesn't bear on the underlying balance. Just because there was movement, that doesn't speak to whether the balance of the cumulative account ever dropped below the amount. Do you have a position on whether there's confusion of goods doctrine to apply here? The secretary doesn't have a position on whether the confusion of goods doctrine applies or compares to burden. Can we infer anything from that? There was probably more than one issue. If you're supporting the fund, you might tell us. The only thing that you can infer is just that the secretary isn't authorized to speak to that because we haven't briefed that issue. But again, under the lowest intermediate balance rule, what matters is that the cumulative account either dipped below the amount to mean or went to zero. If it didn't go to zero, then it wasn't dissipated. And the corresponding dissipation was based on an error of law. Thank you. Good morning. May it please the court. Eric Leibach here on behalf of the defendant, Epel. The district court should be affirmed for two reasons. First, the plaintiff failed to carry its burden of showing that it was seeking appropriate equitable relief under ERISA. Second, the plaintiff never raised any of the arguments it's relying upon in this appeal below and therefore cannot rely upon in here. Before I get into those reasons, I'd like to briefly address a point that was made in oral argument by the appellant here. There is a suggestion that it was not clear that the law firm was arguing dissipation in its opening brief. I'd like to direct the court's attention to page ID 102. That is a memorandum in support of the law firm's motion for summary judgment. There is one section heading in the argument section, and it reads as follows. Because all traceable funds have been dissipated, there is no remedy under ERISA. It is in bold. It is the only section heading. They were clearly challenged to show that dissipation had not occurred. The only case side is Montanale. The issue of dissipation was squarely before the court. So the notion that there was no cause or meaning to bring up all of the arguments in law in support of their position that the funds had not been dissipated is simply not borne out by the record. This issue was clearly presented. Now, turning back to the failure of the first issue, it's worth emphasizing here that ERISA is a sanction. Let me stay on that issue for a second. So I think the most – I think the best argument for your friend on the other side is that the lowest-intermediate-balance test was just additional arguments or additional theory or support for their main argument, which is there's equity here, and they're entitled to the full $7,000-plus. And that one argument is part of that claim or that theory was that there's an easy way to – there's a means for tracing this money that's lower than the intermediate-balance test. So this was not a freestanding claim, but just a theory or support for what everyone knew was a dispute, which is whether they had money, whether there was a practical meaning attached. There is no dispute that there is some eight line of cases in the Sixth Circuit that uses the language of so long as the claim is presented, you can subject arguments. But there is also an equally long line of cases, including one that – a line of cases applied by this panel on another case as a part of this matter-of-relevant case where an opinion was issued earlier this week or last week that states that a party – or on appeal, the role of this court is to review the case presented to the district court, not a better case that is fashioned after an unfavorable rule. That's language that's used throughout the Sixth Circuit. Jurisprudence is certainly used in the Thomas Cooley case that's cited by the parties. And regardless of the language about claims and arguments, what those cases – the Leonore case, the Mills case, the Reid case – they do not allow the appellant to do what the appellant is seeking to do here. Those are not cases where any argument in support of a cause of action can be raised on appeal. What those cases stand for is – It was raised in district court. I mean, it's a different world if they don't say anybody at all in district court. It was maybe raised at a little later time in district court, but you would agree that Bloser v. Allen's test at least raised – mentioned the law. It was mentioned in the reply brief, but to a point you made earlier, Judge Redwood, there was no opportunity for the law firm to come back and rebut that argument. There was no opportunity. It was a great point. I think it was a great point. Oh, I see. I apologize. You made the point. Why is there a remand appropriate here then? Because the burden to prove there was a disputed issue of fact regarding the existence of an equitable lien was on the plaintiff. To carry that burden, they needed to have evidence that the balance never dropped below – Well, there's sort of this legal question about what the test is and there's the actual question of whether the test was met, and district court maybe didn't quite have – maybe didn't quite get the right answer on the legal question or maybe didn't – wasn't quite presented the right way, but if we cast that legal question, it seems like that factual question wasn't maybe delved into fully because the legal question wasn't properly addressed or teed up. Well, to the extent the legal question was not properly addressed or teed up, that failure falls on the plaintiff, the appellant in this case. They had the burden of showing that they were seeking equitable relief, and they failed to do that. If they wanted the court to apply a certain test, they could have brought that up. I will also note it is not necessarily – and this issue was not briefed below because it was not brought up until the very final filing on any issue related to summary judgment, but it is not necessarily the only equitable test, it's this lower-intermediate balance test. In fact, the courts of equity apply something called the rule of Clayton's case prior to the existence of the lowest-intermediate balance test, which was a first-in, first-out document. Under that test, which again, the issue was never raised, so this was not briefed below, but under that test, the proof submitted by the law firm would have been sufficient to show that first-in, first-out, the balance had turned over so many times, no money traceable to that initial deposit remained in that operating account. But the fact of the matter is, there was no evidence in the record to show the balance of the account each day, and even assuming the lowest-intermediate balance test should be applied, there's no dispute you need that evidence in the record to create a factual dispute. The burden is on the plaintiff to prove their case. To prove their case, they needed to do that. They could have easily done so. They chose not to take discovery. They chose below, and in their open brief on appeal, to focus exclusively upon the existence of a restraining order. The district court, faced with only that argument, a restraining order exists, therefore that proves the money's still there, correctly rejected it, and said no, there is no proof in the record about the balance between December 7th, 2018, and March 25th, 2019. And without that evidence, the plaintiff could not create a genuine dispute of material fact. They have the burden of coming forward, and they failed to do so. And for that reason, summary judgment was appropriate. I mean, they presented statements that showed the amount when it went in, and they showed the amount that was there three months later. Doesn't this create an issue of fact about whether the amount stayed above the 7500 number in between? No, I don't believe it does, Your Honor, because to your point, to apply this test, you need to know the balance every day in between. And I'd like to point to the restatement second, section 215. And this is the restatement provision cited by the Supreme Court in both Montanile and in the Great Western Dudson case. It is kind of the key treatise that rely on the issue of what constitutes equitable royalty. And comment A to section 1 of that section of the restatement states, the claimant must prove not only that the Roman court once had property legally or equitably belonging to him, but that he still holds the property or property which is in whole or in parts property. And again, comment B, which is called burden of proof, says a person whose property is wrongfully taken by another is not entitled to property or other creditors unless he proves that the wrongdoer not only once had the property or its proceeds, but still has the property or its proceeds, or property in which the claimant's property or proceeds have been mingled indistinguishably. Further, if you look at the Bogart's… Well, if this is just about… I thought you were going to… You said there was a daily… You said it's a daily measurement? Measurements daily? I believe that was the position of the Secretary of Labor, and I believe that's what the case was. I'm not sure. I'm not sure. What's your position today? What's the support for the daily test? I thought maybe the source you were just giving us were going to support that point, but it sounds like they're not. No, you're wrong. They do not. Where did you… It didn't make sense. That's my understanding of the case. I don't have a case standing here today that the issue was not raised below. It's really not an issue in this appeal because it was not raised below. And there was an opportunity to brief it. There was an opportunity to argue it based on the facts of the issue. But I think fundamentally the problem here is… How about the rule of blatant case? Did we apply that rule in any case? It's not a circuit. I have not looked at any Sixth Circuit jurisprudence that applies that rule. And to be clear, our position is not that that rule should have been applied or the lowest intermediate balance rule should have been applied. Our position is the burden was on the plaintiff to prove its case. And to come forward with evidence showing it could prove its case. You know, Cox v. Kentucky Department of Transportation says that a summary judgment motion is effectively a challenge to put up or shut up. They were clearly challenged to show that there was evidence sufficient to create a jury issue on dissipation, and they failed to come forward with any evidence. They didn't say we need more evidence. In fact, they moved for summary judgment on their own. And the case that was presented to the district court, the case that should be reviewed by this court, was a case based solely upon the existence of a restraining order. And that's simply not enough to show that money traceable to the settlement fund stayed in that account for a period of really almost four months, early December to the end of March. I forgot, was there a discovery below? Yes, there was discovery. The discovery was served, it was responded to, there was no motion to compel further discovery. There was ample opportunity to take whatever discovery the fund liked. It chose to take very limited discovery, and it chose to rely exclusively upon a restraining order. And on the arguments that the fund chose to rely upon below, the district court properly made a summary judgment. And there's nothing in the record to suggest otherwise. So what if we thought that the Secretary of Labor was right about what the test should have been, but we also think that you are right that the right test was never presented to the district court. So how should we, I'm not saying that's what we think, but what if we did think that? How do we write an opinion that doesn't mess up the law, but provides the relief to your client that your client would seek? I think it would simply state we do not reach the issue of what law should, what test should be applied. This issue was not properly raised below, it's been forfeited, and it cannot be relied upon as grounds for reversal. I mean, fundamentally this is a failure of proof case. Whatever test should be applied, the burden is on the plaintiff to prove that it can get relief under ERISA, which is an extremely limited statute. And there's no ERISA case saying the burden shifts. There was certainly no argument below that the burden shifted to the law firm to come forward and show dissipation. That argument wasn't raised anywhere until the reply brief on appeal. I always have the problem with this. Wait, reply brief on appeal or reply brief in summary judgment motion? The issue of burden shifting and the confusion of goods doctrine, the first time that was raised anywhere in this case was in the reply brief filed with this court. I see. That was never raised below, there was never a challenge made to the law firm. You have a duty to come forward and show that we can't satisfy an element of our claim. That issue was never raised. And we don't know what would have happened if it had been, but it wasn't. I thought the problem, I thought that, you know, the best case scenario for a trident on the other side, if you presented this lowest remedial balance test, there may be some evidence that you could infer that the amount was always above 75 hundred, whatever the number is. But the district court didn't apply that test, didn't apply that legal test, didn't apply the lowest remedial balance test. So it didn't even really get to the construct that the fund was putting forward, which is you do this test and then here's the evidence. This court didn't even apply that test. But it shouldn't have applied the test on the record, but ultimately, it's a fundamental holding of the district court. But that's not what it did. I mean, you're right. It's just sort of an alternative basis for, in my mind, it's almost an alternative basis for affirmance, which is even if it applied the right test, there was no evidence that there, so you're saying the district court did it right and the district court did it wrong. If it applied a different test, still there was not enough evidence to find for the plaintiff in that sense. Yes, this is fundamentally a failure of proof case. The issue of what test should be applied is a subsidiary, and that's our position. But whichever test you should apply, the burden is on the plaintiff to prove that they fall within narrow grounds for recovery under arrest. There's certainly no case that I'm aware of in any circuit saying that under arrest a burden shifts at some point with going away. There's plenty of cases that we've cited both within the circuit and without. Say, as a general matter, the burden is on the plaintiff to show that they can claim relief under Section 50283. And the district court stated, without explaining the test or without explaining the rationale, the funds are certainly dissipated. But continued, the plaintiffs have not shown otherwise. And then in the report on the motion for reconsideration, the district court clarified really that's the fundamental holding here. There was not proof to show that any funds to which any money to which the fund had an equitable lien remained in the possession of the law firm. And because that is an element of a claim under Section 50283, no matter what test is applied, summary judgment was appropriate, and so it should be fine. You're saying it's not your burden of proof, but is it your position that your fund went below either zero or $7,500? I do not know the answer to that. My position in the record is completely silent on it. Mr. Gordon, any other questions I'll yield to? I'll say everyone's defense, including the district court, this is a hard case because these are pretty archaic doctrines that are being asked to apply, so it doesn't cut out in a way. If the district judge is listening to this case, this is a challenging one to hear the uncertainty of the case law. Thank you, Your Honor. Thank you. I believe we reserve some time for one more question. On the forfeiture issue, Your Honor, I agree with my friend that dissipation was at issue in summary judgment. I also deny that. What was not clear to us in summary judgment until later in the briefing was that they were arguing, yes, they had the money at the time of summary judgment, but maybe it was dissipated sometime before the entry of that agreed order. I think when we realized that that was going to be the focus of the dispute, that's when we understood that we needed to present this lowest intermediate balance test. I regret that it wasn't brought up earlier than that, but we responded to the arguments as best we understood them as the briefing progressed. And I do want to point out with this, at least in the briefing, there hasn't been any dispute in this appeal that the lowest intermediate balance test is the applicable test. This is the first I've heard about a Clayton's case standard or an alternative standard, but in the briefing at least, you know, the Secretary and my client, you know, signed authorities for this test, and the law firm did not dispute that the lowest intermediate balance test would be the correct test for this situation. So I think applying a forfeiture rule when we did bring it to the district court's attention under these circumstances would be rather strict, given that there's really not a dispute in the briefs about whether it's the correct test. We think that at a minimum, the court should just remand it to the district court to apply the correct test in the first instance. And that would be easy to do. If the law firm doesn't want to present the one bank statement showing that its account went to zero, we can just subpoena that to trial. And I think this could be easily resolved under the correct standard with a remand. With regard to the record, we're not asking the court to assume that the account balance stayed positive every day in that three-month period. But at least in the fund's capacity as a non-movement, as the party responding to the law firm's similar judgment motion, reasonable inferences, all of them need to be drawn in my client's favor. And the only evidence in the record pointing toward the operating account balance being positive or negative points to it being positive. And so there's no evidence brought up in the briefs or an oral argument that would suggest that the operating account balance went to zero dollars. Their main account funding law firm would have to go to zero dollars or negative to extinguish this lien. That would be kind of an extraordinary thing to happen for a law firm that's a going concern and has not filed for bankruptcy. And so we think it would be unreasonable to infer that that happened. And it should certainly be just sorted out by the district court on remand. So, to conclude, there really is no serious dispute in the briefs' appeal about what the correct standard is for the case. The district court should have an opportunity to apply that, and that should be a simple matter. One way or another, the law firm can present its back statements, free reforming, in this short period of time. And we can subpoena them, and then we'll know that we've gotten the correct result in this case. And the court can clarify the legal standard for future risk cases, because funds bring a lot of suits like this, and it's important to have the legal standard correctly identified and applied. Thank you very much. Thank you for your time. The case is submitted. And the court may be adjourned.